**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JOHN RUFUS PAYNE                                                                    PLAINTIFF

v.                                          3:13CV00184-SWW-JTK

BECKY HITT, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.     The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

## I.     **Introduction**

Plaintiff John Payne is an inmate confined at the Poinsett County Detention Center (Jail).

He filed this <u>pro se</u> 42 U.S.C. § 1983 action, alleging conditions of confinement (Doc. No. 2-1, p.

3.)  By Order dated August 26, 2013 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed

<u>in forma pauperis</u> in this lawsuit.  However, finding Plaintiff's complaint too vague and conclusory

to state a claim, the Court provided Plaintiff with the opportunity to file an Amended Complaint to

clarify his allegations.  (<u>Id</u>.)  Plaintiff has now filed an Amended Complaint (Doc. No. 5).

## II.     **Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. §

1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

2

or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."   Id.

## III.    Facts and Analysis

Plaintiff's allegations in his Amended Complaint (Doc. No. 5) mirror those of his Original

Complaint (Doc. No. 2).  He alleges he was placed in an area of the Poinsett County Jail where he was required to sleep on the floor and provided only fifteen minutes per week outside of his cell area.  He also claims the sprinkler system does not work and that the Jail continues to serve him dairy products, despite the fact that he is lactose-intolerant.  He does not specifically refer to the two Defendants in his Statement of Claim.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  In order to support a constitutional violation based on conditions of confinement for pretrial detainees, Plaintiff must allege that the conditions were serious enough to deprive him of the "minimal civilized measure of life's necessities," or to constitute a substantial risk of serious harm, and that Defendants were deliberately indifferent to his health and safety.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  See also Butler v. Fletcher, 465 F.3d 340, 345 (8th Cir. 2006) ("Pretrial detainees and convicted inmates, like all persons in custody, have the same right to these basic human needs.  Thus, the same standard of care is appropriate.")  In this case, Plaintiff claims he was required to sleep on the floor, but he does not specify how long this occurred or whether he was provided with bedding.  He also claims a small amount of time outside of his cell, apparently for recreation, but again does not specify the length of time.  He does not specify how the failure of the sprinkler to work has caused him harm, and although he claims to be receiving dairy products, he does not claim that he is denied sufficient food and drink.  (The grievance attached to his original complaint indicates that fruit juice was substituted for his milk.  Doc. No. 2-1, p. 5.)  He does not mention either of the named Defendants in his statement of claim; therefore, his Amended

Complaint lacks any allegation that they acted with deliberate indifference to his health and safety.

Absent any additional information/allegations against the named Defendants as set forth in the Court's August 26, 2013 Order, the Court finds Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 1st day of October, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.